UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSALIN DENISE MARSHALL, et al.,

Plaintiffs,

-against-

HOWARD L. KAPLUS,

Defendant.

23 Civ. 3257 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Rosalin Denise Marshall, of Monrovia, California, and Tijuana Rene Johnson,

of Camden, New Jersey,[1] bring this *pro se* action seeking an amount reflecting the market price

of the real property at issue in this action and an additional $400,000 in damages.  They sue

Howard Kaplus, Esq., of South Orange, New Jersey.  The fees to bring this action have been

paid.  For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the

United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under Section 1391(c), a "natural person" resides in the federal judicial

district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a

---

[1] Plaintiff Marshall is the only plaintiff to have signed the complaint.

defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  *See* § 1391(c)(1), (2).

The complaint alleges that Defendant Kaplus, the sole defendant, resides in South Orange, New Jersey.  Thus, under Section 1391(b)(1), the United States District Court for the District of New Jersey is a proper venue for this action.  *See* 28 U.S.C. §§ 110 (New Jersey constitutes one federal judicial district), 1391(b)(1).  The complaint also alleges that the events that are the bases for the plaintiffs' claims, which appear to arise from the conveyance of the estate of Plaintiff Marshall's deceased mother, occurred in New Jersey, and that the property at issue, which includes real property that was part of that estate, is located in New Jersey.  Thus, also under Section 1391(b)(2), the District of New Jersey is a proper venue for this action. *See* §§ 110, 1391(b)(2).  Consequently, it is clear from the face of the complaint that this court is not a proper venue for this action under either Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a federal civil action is filed in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  For the reasons discussed above, venue lies in the United States District Court for the District of New Jersey, *see* § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey.  *See* 28 U.S.C. § 1406(a).  A summons shall not issue from this court.  This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiffs.

Dated:   April 24, 2023
       New York, New York

                                   LORNA G. SCHOFIELD
                              UNITED STATES DISTRICT JUDGE